J-S31008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MONTAEYA WHITE | |
| Appellant | No. 807 WDA 2016 |

Appeal from the Judgment of Sentence May 11, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010006-2014

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 9, 2017**

Appellant, Montaeya White, appeals from the judgment of sentence entered on May 11, 2016, following the revocation of her probation in the Court of Common Pleas of Allegheny County. White contends that we should vacate her sentence due to the revocation court's abuse of discretion in fashioning it. After careful review, we vacate White's sentence and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On December 16, 2014, White pleaded guilty to misdemeanor counts of retail theft and tamper with/fabricate physical evidence.[1] The court

---

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 4910(1), respectively.

sentenced White to three years of probation.[2] While White was still serving her probationary term, she garnered an attributable conviction for theft of services.

White's conviction triggered a probation violation hearing for her underlying  charges. On May 11, 2016, the revocation court determined that White had violated her probation by receiving new charges. That same day, the court resentenced White to a period of 2 to 4 years' incarceration. White filed a timely post-sentence motion to reconsider, which the revocation court denied. This timely appeal follows.

On appeal, White raises a single question for our review:

> DID THE TRIAL COURT FAIL TO ADEQUATELY CONSIDER AND APPLY ALL OF THE RELEVANT SENTENCING CRITERIA, INCLUDING [] WHITE'S CHARACTER AND REHABILITATIVE NEEDS, THE GRAVITY OF THE OFFENSE/VIOLATION AND THE PROTECTION OF THE PUBLIC AS REQUIRED UNDER 42 P[a].C.S.A. § 9721(b)…[?]

Appellant's Brief, at 4.

This claim challenges the discretionary aspects of White's sentence. Initially, we note that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

_____

[2] As a condition of her probation, the revocation court ordered restitution of $1,250 and required White to enroll in a GED program and obtain employment.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, White fulfilled the first two requirements by filing a timely post-sentence motion for reconsideration and a timely appeal. However, due to the disparity between the claims in her post-sentence motion to reconsider and her appellant brief, we must determine *which* of the challenges to the discretionary aspects of her sentence have been preserved for our review.

A defendant can only preserve a claim to the discretionary aspects of a court's sentence if she notes a specific objection at the sentencing hearing or in a post-sentence motion to modify. *See id*. White did not object to any aspects of her sentence at the probation revocation hearing. Thus, to preserve her challenges to the discretionary aspect of her sentence, she was

required to note her specific challenges to the revocation court's discretion in a post-trial motion to reconsider.

White filed a motion to reconsider through which she alleged that her sentence was excessive due to the revocation court's failure to "consider [her] rehabilitative needs prior to imposing sentence." Motion to Reconsider Sentence, 5/17/16, at ¶ 4. However, in her appellate brief, White conflates this claim by asserting that the revocation court failed to apply the relevant sentencing criteria under 42 Pa.C.S.A. § 9721(b), "including [] White's character and rehabilitative needs, the gravity of the offense/violation and the protection of the public." Appellant's Brief, at 4. Because White failed to raise challenges to the revocation court's consideration of the gravity of the offense/violation, White's character, and the protection of the public in her post-sentence motion, she has waived these specific challenges to the discretionary aspects of her sentence. *See Moury*, 992 A.2d at 170.

Addressing the next factor in the four-factor test, we find that White's appellate brief contains the requisite Rule 2119(f) concise statement. We must now determine whether White's remaining challenge to the discretionary aspects of her sentence raises a substantial question.

"A substantial question will be found where an appellate advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa.

2015) (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted). *See also* Pa.R.A.P. 2119(f).

As discussed further below, at sentencing following the probation revocation, the court must consider not only the pertinent factors at 42 Pa.C.S.A. § 9721(b), but also at § 9771(c). *See*, *e.g.*, *Commonwealth v. Derry*, 150 A.3d 987, 994 (Pa. Super. 2016). Thus, White's allegation that her sentence is excessive due to the revocation court's failure to consider relevant sentencing criteria raises a substantial question for our review. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721 has been rejected.") As such, we will address White's claim on its merits.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012) (citation omitted).

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). And the revocation court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another crime[.]" *Id.*, at (c)(1). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation … the court *shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed* [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014), appeal denied, 109 A.3d 678 (Pa. 2015) (case citations and quotation marks omitted) (emphasis added). *See also* 12 West's Pa. Prac., Law of Probation & Parole § 16:7 (3d ed.)

- 6 -

We carefully reviewed the transcript from the revocation proceeding. Our review reveals that although the revocation court was familiar with White's history (the court presided over White's initial guilty plea) and that her conviction correctly stood as a basis for total confinement, the court failed to sufficiently explain the reasons for imposing the sentence of 2 to 4 years' imprisonment. The only statement the court made following the imposition of sentence was that "[White] just doesn't get the idea. She's been here for stealing people's stuff too many times." N.T., Revocation Hearing, 5/11/16, at 10.

While the revocation court is not required to undertake a lengthy discourse prior to imposing sentence, this statement is far too vague to evaluate whether the court adequately considered any of the criteria set forth in the Sentencing Code. **See Colon**, 102 A.3d at 1044. Further, there is no indication on the record that the revocation court consulted a prior presentence investigation report. **See Commonwealth v. Walls**, 926 A.2d 957, 967 n.7 (Pa. 2007) ("[W]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.")

In its Rule 1925(a) statement, the revocation court noted that it was not required to consider White's rehabilitative needs pursuant to § 9721(b)

in resentencing her following the probation violation. ***See*** Revocation Court Opinion, 10/24/16, at 4. That is simply not true.

In the very case relied upon by the revocation court to justify its position, our Supreme Court noted that "42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, 'the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.'" ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014) (additionally citing Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentencing following the revocation of probation the sitting judge must state on the record the reasons for the sentence imposed)). While the revocation court is correct in observing that ***Pasture*** states the revocation court is not "cabined by 42 Pa.C.S. § 9721(b)," 107 A.3d at 27, we have since interpreted this statement to indicate that the revocation court must not only consider the factors set forth at 42 Pa.C.S.A. § 9721(b), but also the factors found at 42 Pa.C.S.A. § 9771(c), which are unique to resentencing after probation revocation.

A panel of this Court explained the meaning of the "cabined" language as follows:

> Thus, we read "the revocation court is not *cabined* by Section 9721(b)'s requirement," ***Pasture***, 107 A.3d at 27 (emphasis added), to be synonymous with, 'the revocation court is not confined or restrained *solely* by Section 9721(b) factors.' Instead, at a VOP sentencing hearing, additional factors and concerns are in play. The statute governing the modification or

- 8 -

revocation of an order of probation discusses these additional concerns [i.e., 42 Pa.C.S.A. § 9771(c)].

*Derry*, 150 A.3d at 993-994. The panel concluded, "a VOP sentencing court must consider those factors [i.e., 42 Pa.C.S.A. § 9721(b)], but must also consider factors set forth in Section 9771(c), which are unique to VOP sentences." *Id*., at 995 (internal case citation omitted).

The revocation court's sole justification regarding White's rehabilitative needs challenge relied upon the incorrect premise that it was not required to evaluate the factors under § 9721(b). With no indication on the record that the revocation court consulted a prior presentence report, considered factors specified in the Sentencing Code, or considered either the character or circumstances of the offense for which the court imposed sentence, we are constrained to vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017

- 9 -